UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                          :
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                    Plaintiff,            :    3:03 CV 418 (PCD)
                                          :
            v.                            :    MEMORANDUM
                                          :    OF LAW IN
GLOBAL TELECOM SERVICES L.L.C. d/b/a      :    SUPPORT OF
MEDICAL DISPOSAL DEVICES,                 :    PLAINTIFF
ALBERT D. LATOUCHE and SALVATORE J.       :    COMMISSION'S
CARTELLI, JR.,                            :    MOTION FOR
                                          :    SUMMARY
                    Defendants.           :    JUDGMENT
_____    :

WILLIAM FINKEL
Federal Bar Council No. CT-24904
Attorney for Plaintiff
Securities and Exchange Commission
233 Broadway
New York, New York 10279
(646) 428-1716
(646) 428-1977 (fax)

## **CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

FACTS........................................................................................................................................3

A.  Background ....................................................................................................................3

B.  LaTouche and Cartelli Attempted to Manufacture and Sell the Needlyzer............4

    1.  LaTouche and Cartelli Did Not Manufacture The Needlyzer .......................4

    2.  LaTouche and Cartelli Did Not Acquire The Patent Rights
       For The Needlyzer .............................................................................................5

    3.  LaTouche Discussed FDA Approval and Patent Rights
       with Brian LaTouche ........................................................................................6

    4.  Cartelli Created a Brochure for the Needlyzer .............................................7

C.  LaTouche And Cartelli Made False And Misleading Statements To Solicit
    Investors ........................................................................................................................7

    1.  LaTouche And Cartelli Met With Investors ..................................................7

    2.  LaTouche And Cartelli Falsely Told Investors About Contracts With
       Foreign Companies ..........................................................................................9

    3.  LaTouche And Cartelli Falsely Told Investors About Deals With The
       Vatican And Italian Companies ...................................................................10

    4.  The Defendants Sent Newsletters to Investors That Contained Materially
       False And Misleading Statements.................................................................11

         a.  There Were No Agreements to Sell The Needlyzer in Hawaii......11

         b.  Contracts with a Company in India .................................................13

    5.  LaTouche and Cartelli Falsely Told Investors Waste Management Planned
       to Acquire Medical Disposal .........................................................................14

    6.  LaTouche And Cartelli Used Investors' Funds
       For Undisclosed Purposes..............................................................................15

D.  LaTouche And Cartelli Sold Securities In the Form of
    Investment Contracts and Notes ...............................................................................16

E.    LaTouche and Cartelli Invoked Their Fifth Amendment Privilege Against Self-Incrimination..........................................................................................17

ARGUMENT ............................................................................................................................. 17

    I.    This Court Should Grant The Commission Summary Judgment Against the Defendants As To Liability On All Claims For Relief.....................................17

    A.    The Medical Disposal Investment Contracts and Notes Are Securities ................20

        1.    Medical Disposal's Investment Contracts Are Securities..........................20

            a.    Medical Disposal Investors Invested Money with an Expectation of Profit .......................................................................................21

            b.    There was a "Common Enterprise" .......................................................21

            c.    Investors Expected to Make Money "Solely from the Efforts of Others" ...................................................................................................22

        2.    The Notes Medical Disposal Sold to Investors Are Securities ..................23

            a.    The Seven Instruments Sold to Investors Are Notes ..........................23

                i.    The Motivation of the Buyer and Seller ...............................24
                ii.    Plan of Distribution..............................................................24
                iii.    Reasonable Expectation of the Investing Public...................25
                iv.    Existence of Risk Reducing Factors .....................................26

            b.    In the Alternative, the Seven Instruments Sold To Investors Are Investment Contracts ...........................................................................26

    B.    The Defendants Violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder....................................................27

        1.    The Misrepresentations And Omissions Made By The Proposed Defendants Were Material .........................................................................29

    2.    The Proposed Defendants Acted With Scienter............................................30

        a.  LaTouche Purposely or At the Least Recklessly Deceived Investors..........................................................................30

        b.  Cartelli Purposely or At the Least Recklessly Deceived Investors..........................................................................31

        c.  LaTouche and Cartelli's Fifth Amendment Assertion.........................33

        d.  Medical Disposal .................................................................................33

    3.    "In The Offer or Sale" and "In Connection With the Purchase Or Sale" Requirements .........................................................................................33

II.    The Court Should Grant The Commission Summary Judgment Against The Defendants On All Relief Demanded In The Complaint................................34

A.    The Defendants Should Be Permanently Enjoined From Future Violations Of The Federal Securities Laws....................................................................................34

B.    The Defendants Should Disgorge Their Ill-Gotten Gains ......................................35

C.    The Court Should Assess Penalties Against The Defendants ................................36

D.    The Court Should Permanently Bar LaTouche and Cartelli From Serving As Officers Or Directors of Publicly Held Companies................................................37

CONCLUSION........................................................................................................... 40

## **TABLE OF AUTHORITIES**

### CASES

*Aaron v. SEC*, 446 U.S. 680 (1980)................................................................................28

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)......................................................18

*Baxter v. Palmigiano*, 425 U.S. 308 (1976)......................................................................19

*Basic, Inc. v. Levinson*, 485 U.S. 224 (1988)........................................................ 27-28, 29

*Blasdel v. Mullenix*, 356 F. Supp. 924 (W.D. Okla. 1971)................................................30

*Celotex Corp. v. Cattrett*, 477 U.S. 317 (1986)................................................................18

*Ernst & Ernst v. Hochfelder, et al.*, 425 U.S. 185 (1976)..................................................28

*Glen-Arden Commodities, Inc. v. Costantino*, 493 F.2d 1027 (2d Cir. 1974) ...................20

*Hateley v. SEC*, 8 F.3d 653 (9th Cir. 1993) .......................................................................36

*In re Ames Dept. Stores Inc. Stock Litigation*, 991 F.2d 953 (2d Cir. 1993)...............28, 34

*In re Sunbeam Sec. Litig.*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999)......................................33

*Leemon v. Burns*, 175 F. Supp.2d 551 (S.D.N.Y. 2001)..............................................24-25

*LiButti v. United States*, 107 F.3d 110 (2d Cir. 1997) .......................................................19

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986).............................18, 19

*Mayer v. Oil Field Systems Corp.*, 721 F.2d 59 (2d Cir. 1983).........................................22

*McNabb v. SEC*, 298 F.3d 1126, (9th Cir. 2002)...............................................................25

*National Bank of Yugoslavia v. Drexel Burnham Lambert, Inc.*,
768 F. Supp. 1010 ...............................................................................................................24

*Revak v. SEC Realty Corp.*, 18 F.3d 81 (2d Cir. 1994) .....................................................21

*Reves v. Ernst & Young*, 494 U.S. 56 (1990).........................................................23, 24, 25

*Sanders v. John Nuveen & Co. Inc.*, 463 F.2d 1075 (7th Cir. 1972) ..................................26

*SEC v. American Board of Trade, Inc.*, 751 F.2d 529 (2d Cir. 1984) ...............................26

*SEC v. Cantor*, 948 F. Supp. 312 (S.D.N.Y. 1996) ...........................................................34

*SEC v. Coates*, 137 F. Supp.2d 413 (S.D.N.Y. 2001)........................................................30

*SEC v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90 (2d Cir. 1978) ................34

*SEC v. C.M. Joiner Leasing Corp.,* 320 U.S. 344 (1943)..................................................20

*SEC v. Edwards*, 124 S. Ct. 294 (2004).......................................................................20, 27

*SEC v. Electronics Warehouse, Inc.,* 689 F. Supp. 53, 58)(D. Conn. 1988),
aff'd, SEC v. Calvo, 891 F.2d 457 (2d Cir. 1989)........................................................18, 34

*SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450 (2d Cir.1996) ...............................27, 35, 36

*SEC v. Gilbert*, 79 F.R.D. 683 (S.D.N.Y. 1978)..................................................................19

*SEC v. Glenn W. Turner Enterprises, Inc.*, 474 F.2d 476 (9th Cir. 1973), *cert. denied*, 414 U.S. 821, 894 (1973)..................................................................22

*SEC v. Grossman, et al.*, 887 F. Supp. 649 (S.D.N.Y. 1995), *aff'd, SEC v. Hirshberg*, 1999 App. Lexis 4764 (2d Cir. 1999).....................................................2, 18, 19

*SEC v. Hirshberg*, 1999 App. Lexis 4764 (2d Cir. 1999).............................................19-20

*SEC v. Hughes Capital Corp.*, 917 F.Supp. 1080 (D.N.J. 1996).......................................35

*SEC v. Lauer*, 52 F.3d 667 (7th Cir. 1995)........................................................................20

*SEC v. Management Dynamics, Inc.*, 515 F.2d 801 (2d Cir. 1975)..................................33

*SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082 (2d Cir. 1972) ................................35

*SEC v. Murphy*, 626 F.2d 633 (9th Cir. 1980)...................................................................22

*SEC v. Parkersburg Wireless, LLC, et. al.*, 991 F.Supp. 6 (D.D.C. 1997).......................22

*SEC v. Patel*, 61 F.3d 137 (2d Cir. 1995) ....................................................................37-38

*S.E.C. v. Prater*, 289 F. Supp. 2d 39 (D. Conn. 2003).......................................................27

*SEC v. Rogers*, 790 F.2d 1450 (9th Cir. 1986) ..................................................................33

*SEC v. Research Automation Corp.*, 585 F.2d 31 (2d Cir. 1978).........................18, 29, 34

*SEC v. R.G. Reynolds Enterprises, Inc.*, 952 F.2d 1125 (9th Cir. 1991) ..........................25

*SEC v. Schiffer*, 1998 U.S. Dist. Lexis 8579 (S.D.N.Y. 1998) .........................................29

*SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833 (2d Cir. 1968) (*en banc*), *cert. denied*, 394 U.S. 976 (1969)) ........................................................................................................27

*SEC v. Tome,* 833 F.2d 1086 (2d Cir. 1987).....................................................................35

*SEC v. United Benefit Life Ins. Co.,* 387 U.S. 202 (1967)................................................20

*SEC v. U.S. Environmental, Inc.*, 155 F.3d 107 (2d Cir. 1998), *cert. denied*, 119 S. Ct. 1755 (1999)...................................................................................................................28

*SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946)..................................................................20

*SEC v. Youmans*, 729 F.2d 413 (6th Cir.), *cert. denied*, 469 U.S. 1034 (1984) ................34

*SEC v. Zandford,* 535 U.S. 813, 122 S. Ct. 1899 (2002) ......................................................28

*Stoiber v. SEC*, 161 F.3d 745 (D.C. Cir. 1998)......................................................................25

*United States v. Certain Real Property and Premises Known as 4003-4005 5th Ave.*, 55 F.3d 78, (2d Cir.1995)..........................................................19, 20

*Zeller v. Bogue Electric Mfg. Corp.*, 476 F.2d 795 (2d Cir. 1973).......................................26

## STATUTES AND REGULATIONS

15 U.S.C. § 77b(a) .............................................................................................................. 20, 23

15 U.S.C. § 77c(a).................................................................................................................... 26

15 U.S.C. § 77q(a) ................................................................................................................ 1, 27

15 U.S.C. § 77t(d) .................................................................................................................... 36

15 U.S.C. § 77t(e) .................................................................................................................... 37

15 U.S.C. § 78c(a)........................................................................................................ 20, 23, 26

15 U.S.C. § 78j(b) ................................................................................................................. 1, 27

15 U.S.C. § 78u(d) .............................................................................................................. 36, 37

17 C.F.R. § 201.600(b) ............................................................................................................36

17 C.F.R. § 240.10b-5 ......................................................................................................... 1, 27

## OTHER CITATIONS

Sec. Act Rel. No. 33-4412 (1961).............................................................................................26

Black's Law Dictionary (6th ed. 1990) ....................................................................................23

Sarbanes-Oxley Act, P.L. 107-204 (2002) §305(a) ................................................................. 37