UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

GLOBAL TELECOM SERVICES L.L.C. d/b/a
MEDICAL DISPOSAL DEVICES,
ALBERT D. LATOUCHE and SALVATORE J.
CARTELLI, JR.,

                Defendants.

3:03 CV 418 (PCD)

PLAINTIFF'S
SUPPLEMENTAL
MEMORANDUM
OF LAW IN REPLY
TO DEFENDANT
CARTELLI'S
OPPOSITION TO
PLAINTIFF'S
MOTION FOR
SUMMARY JUDGMENT

June 4, 2004

---

WILLIAM FINKEL
Federal Bar Council No. CT-24904
Attorney for Plaintiff
Securities and Exchange Commission
233 Broadway
New York, New York 10279
(646) 428-1716
(646) 428-1977 (fax)

## Introduction

Plaintiff Securities and Exchange Commission ("Commission") requests leave to file this supplemental memorandum of law in reply to defendant Salvatore J. Cartelli, Jr.'s ("Cartelli") memorandum in opposition to the Commission's motion for summary judgment ("Cartelli's Opposition Brief"). Through no fault of its own, the Commission filed its motion for summary judgment without having the opportunity to reply to Cartelli's Opposition Brief.[1] Therefore, the Commission requests that the Court accept this supplemental memorandum as its reply to Cartelli's Opposition Brief, and grant the Commission's motion for summary judgment.

## Cartelli Failed To File A Timely Opposition Brief

The Court should grant the Commission's motion for leave to file this supplemental memorandum because Cartelli served his Opposition Brief after the Court's established deadline and in violation of the Court's March 11, 2003 supplemental order ("Supplemental Order") regarding motion filing procedure.[2] On April 1, 2004, the Commission served Cartelli's attorney with the Commission's motion for summary judgment. (Finkel June 4 Dec., ¶ 2). On Cartelli's motion (and with the Commission's consent), the Court granted Cartelli an extension of time to respond to the Commission's motion for summary judgment from April 23, until May 17, 2004. (Finkel June 4 Dec., ¶ 3). On May 18 and 19, 2004, the Commission staff called Cartelli's attorney leaving

---

[1] The evidence before the Court on this motion is contained in the exhibits accompanying the June 4, 2004 Declaration of William Finkel in Support of the Plaintiff's Motion for leave to File a Supplemental Memorandum in Reply to Defendant Cartelli's Memorandum in Opposition to the Plaintiff's Motion for Summary Judgment ("Finkel June 4 Dec.").

[2] All defendants represented to the Commission that they will not oppose the Commission's request for leave to file a reply to Cartelli's Opposition Brief.

messages inquiring about Cartelli's response, if any, and asking that he return the Commission's calls. (Finkel June 4 Dec., ¶¶ 5-6). Cartelli's attorney did not return either telephone message. (Finkel June 4 Dec., ¶ 7). Instead, on May 24, 2004, Cartelli's attorney served via regular U.S. mail a copy of Cartelli's Opposition Brief. (Finkel June 4 Dec., ¶ 9). Cartelli never sought any additional extension of time to serve his Opposition Brief. (Finkel June 4 Dec., ¶ 3). On June 2, 2004, one day after the Commission sent to the Clerk of Court for filing all papers related to the Commission's motion for summary judgment in accordance with the Court's Supplemental Order,[3] the Commission received a copy of Cartelli's Opposition Brief. (Finkel June 4 Dec., ¶ 9). In violation of the Supplemental Order, Cartelli's attorney filed Cartelli's Opposition Brief directly with the Clerk of Court. (Finkel June 4 Dec., ¶¶ 10, 11; Ex. 3 at ¶¶ 4(b), 5(b)).

According to the Court's Supplemental Order and the Court's order dated April 23, 2004, Cartelli was required to serve the Commission with his Opposition Brief by May 17, 2004, in order for the Commission to file it with the Clerk of Court by June 2, 2004. Because Cartelli did not comply with the Court's orders in filing his Opposition Brief, the Commission was unable to reply to Cartelli's arguments. Accordingly, the

---

[3]  On June 2, 2004, the Commission filed with the Court its motion for summary judgment, its memorandum in support, its Local Rule 56(a)1 Statement, its evidence contained in the exhibits accompanying the Declaration of William Finkel in Support of Plaintiff's Motion for Summary Judgment ("Finkel Dec."), the Declaration of William Finkel in Further Support of the Plaintiff's Motion for Summary Judgment ("Finkel Reply Dec."), defendant Albert D. LaTouche's ("LaTouche") brief in opposition to the Commission's motion for summary judgment, and the Commission's Certificate of Compliance regarding its Motion for Summary Judgment.

Court should grant the Commission leave to file this supplemental memorandum, and based on the evidence, grant the Commission's motion for summary judgment.[4]

## The Court Should Grant The Commission's Motion For Summary Judgment

The Court should grant the Commission's motion for summary judgment because: (1) Cartelli failed to submit a Local Rule 56(a)2 Statement, and therefore, the Court should deem as admitted all the facts set forth in the Commission's Local Rule 56(a)1 Statement; (2) Cartelli did not, and cannot, offer any evidence in support of the only defense he asserted – that he believed the Needlyzer was FDA approved and that Global Telecom Services, L.L.C. d/b/a Medical Disposal Devices ("Medical Disposal") owned the Needlyzer's patent rights;[5] and (3) Cartelli invoked his Fifth Amendment privilege, and he is precluded from now introducing his own testimony, as well as other evidence, to opposed this summary judgment motion.

---

[4] If the Court refuses to consider Cartelli's Opposition Brief because it was filed late and in violation of the Supplemental Order, the Commission's motion for leave to file this supplemental memorandum will become moot.

[5] Without offering any evidence, Cartelli claimed in his Opposition Brief that he was not an officer of Medical Disposal. (Cartelli's Opposition Brief, pp. 1, 4). It is irrelevant, however, exactly what was Cartelli's title because the undisputed facts prove that: (i) Cartelli worked as LaTouche's partner at Medical Disposal; and (ii) Cartelli managed and was in charge of Medical Disposal's business. (St. §§ 24, 25). Moreover, Cartelli's Opposition Brief admitted that he was a *de facto* officer of Medical Disposal. For example, Cartelli admitted that he: (1) ran Medical Disposal's "day-to-day operations" (Cartelli's Opposition Brief, p. 3); (2) created Medical Disposal's brochure for the Needlyzer (*Id.*, p. 2); (3) opened a bank account for Medical Disposal (*Id.*, p. 2); (4) prepared investment contracts (*Id.*, p. 3); and (5) held meetings for investors (*Id.*, p. 3).
  Cartelli's Opposition Brief also claimed that LaTouche drafted the information contained in the monthly investor newsletters. (Cartelli's Opposition Brief, pp. 3, 5). Cartelli, however, previously admitted that he provided information to LaTouche for the newsletters. (Finkel Dec., Ex. 12 at 177-178). In addition, LaTouche testified: "The [news]letters were handwritten by Sal Cartelli and then they were taken and typed over by somebody . . . in the office." (Finkel Dec., Ex. 10 at 111).

3

A.   <u>Cartelli Failed To Submit A Local Rule 56(a)2 Statement</u>

The Court should deem as admitted all facts set forth in the Commission's Local Rule 56(a)1 Statement and grant the Commission's motion for summary judgment because Cartelli failed to submit a Local Rule 56(a)2 Statement. Local Civil Rule 56(a)2 provides:

> The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

Moreover, Local Civil Rule 56(a)3 provided notice to Cartelli that "failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, . . . when the opponent fails to comply, an order granting the motion." Contrary to the requirements of the Local Rules, Cartelli did not submit *any* Local Rule 56(a)2 Statement in his opposition, and he did not submit *any* evidence with his Opposition Brief. Courts may grant summary judgment to a moving party based on the respondent's failure to comply with the local rules. *See Coger v. Connecticut*, 2004 WL 547563 (D. Conn. 2004)(citing *Dusanenko v. Maloney*, 726 F.2d 82, 84 (2d Cir.1984); *Booze v. Shawmut Bank*, 62 F. Supp.2d 593, 595 (D.Conn.1999)). Because Cartelli utterly failed to comply with the Local Rules, the Court should deem as admitted all facts set forth in the Commission's Local Rule 56(a)1 Statement and grant summary judgment for the Commission.

4

B.   <u>Cartelli Has Not Identified Any Evidence Raising A Genuine Issue For Trial</u>

In Cartelli's Opposition Brief, he asserted that he did not intend to deceive investors because he believed (i) the Needlyzer was FDA approved and (ii) Medical Disposal owned the patent rights to the Needlyzer. (Cartelli's Opposition Brief, pp. 1, 4). Cartelli, however, offered no evidence to support his assertion. Although Cartelli's Opposition Brief cited the LaTouche Deposition[6] for several factual assertions, Cartelli provided no citation to any evidence on the key assertion of Cartelli's argument – that Cartelli believed the Needlyzer was FDA approved and that Medical Disposal owned its patent rights – and thus, he did not intend to defraud investors. Cartelli's failure to offer any evidence is not surprising because Cartelli asserted his Fifth Amendment privilege and thus prevented the Commission from obtaining evidence from him during discovery. Therefore, the Court should draw an adverse inference against Cartelli and find that he knew the Needlyzer was not FDA approved and Medical Disposal did not own its patent rights. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). Moreover, LaTouche, in his investigative testimony, did not testify regarding what Cartelli actually believed. (LaTouche also asserted his Fifth Amendment privilege during discovery.) In addition, the Commission submitted overwhelming evidence that Cartelli knew that the FDA had not approved the Needlyzer and that Medical Disposal did not own the patent rights to the Needlyzer. (*See* Commission Memorandum at 6-7, 31-32 and St. §§ 14, 36, 38, 47, 49). Finally, Cartelli's Opposition Brief did not dispute that Cartelli intentionally deceived investors when he falsely told them: (1) Medical Disposal had negotiated

---

[6]   Cartelli's Opposition Brief referenced the "LaTouche Deposition," apparently referring to defendant LaTouche's April 1, 2003 testimony in the Commission investigation entitled *In the Matter of Medical Disposal Devices* (NY-6811), conducted nearly one year before the Commission filed its civil action.

5

contracts with foreign companies to purchase the Needlyzer; (2) Medical Disposal would use investor funds to manufacture Needlyzers; (3) a company in New York manufactured the Needlyzer for Medical Disposal; and (4) Waste Management, Corp. had agreed to purchase Medical Disposal for $100 million. (*See* Commission Memorandum at 6-16, 31-32). Based on the undisputed factual record, the Court should grant the Commission's motion for summary judgment.

C.  Cartelli Should Be Barred From Offering Any Factual Statements

Cartelli asserted his Fifth Amendment privilege against self-incrimination and refused to testify during discovery. In lieu of attending his deposition, Cartelli signed a declaration whereby he asserted his Fifth Amendment privilege regarding all matters concerning Medical Disposal and the Needlyzer. (Finkel Dec., Ex. 11 at § 3). In his declaration, Cartelli also acknowledged that the Commission will rely on his declaration in moving to preclude him from offering his testimony concerning this action. (Finkel Dec., Ex. 11 at §§ 4-5). In determining whether there exists any genuine issue of material fact, this Court should strike any factual statement offered by Cartelli. It is within the discretion of the Court to bar a defendant's factual assertions if he earlier asserted his Fifth Amendment privilege during his pretrial depositions. *See United States v. 4003-4005 5th Ave.*, 55 F.3d 78 (2d Cir. 1995) (affirming district court's striking affidavit offered by a party on summary judgment when that party had invoked his Fifth Amendment privilege in discovery).

## Conclusion

For the reasons stated, the Commission respectfully requests that the Court grant the Commission's motion for leave to file this supplemental memorandum and grant the

Commission's motion for summary judgment.

Dated: New York, New York
June 4, 2004

/s/ William Finkel
WILLIAM FINKEL
Federal Bar Council No. CT-24904
Attorney for Plaintiff
Securities and Exchange Commission
233 Broadway
New York, New York 10279
(646) 428-1716
(646) 428-1977 (fax)