

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

SECURITIES AND EXCHANGE COMMISSION,          :

                      Plaintiff,          :          3:03 CV 418 (PCD)

                v.          :          DECLARATION OF
                         :          WILLIAM FINKEL

GLOBAL TELECOM SERVICES L.L.C. d/b/a          :
MEDICAL DISPOSAL DEVICES,
ALBERT D. LATOUCHE and SALVATORE J.          :
CARTELLI, JR.,
                         :

                  Defendants.          :

---

WILLIAM FINKEL, pursuant to 28 U.S.C. § 1746, declares:

1.      I am employed with Plaintiff Securities and Exchange Commission ("Commission") as an attorney in the Commission's Northeast Regional Office ("NERO"). I make this declaration in support of Plaintiff Commission's Motion for leave to File a Supplemental Memorandum in Reply to Defendant Salvatore J. Cartelli, Jr.'s ("Cartelli") Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.

2.      On April 1, 2004, the Commission served on Cartelli's counsel, Jonathan J. Einhorn ("Attorney Einhorn"), the Commission's motion for summary judgment.

3.      On April 23, 2004, the Court granted Cartelli's motion for extension of time to respond to the Commission's summary judgment motion until from April 23, 2004, until May 17, 2004. Attached hereto is Exhibit #1, a copy of the Court's order. Cartelli never sought any additional time to respond to the Commission's summary judgment motion.

4.     As of May 18, 2004, the Commission did not receive from Cartelli any opposition in response to the Commission's motion for summary judgment.

5.     On May 18, 2004, I called Attorney Einhorn and left a voicemail message inquiring whether he served the Commission with Cartelli's opposition memorandum to the Commission's motion summary judgment.

6.     On May 19, 2004, I called Attorney Einhorn again and left a message with his receptionist that he should call me.

7.     Attorney Einhorn never responded to either message I left at his office on May 18 or 19, 2004.

8.     As of June 1, 2004, I did not receive any opposition brief from Cartelli to the Commission's summary judgment motion.

9.     On June 2, 2004, I received a memorandum in opposition to the Commission's motion for summary judgment from Attorney Einhorn.  Cartelli's memorandum included a certification signed by Attorney Einhorn stating that it was mailed on May 24, 2004. The envelope containing the memorandum in opposition was postmarked May 29, 2004. Attached hereto is Exhibit 2, a copy of this envelope.

10.     According to the docket for this action, on June 2, 2004, Cartelli's memorandum in opposition to the Commission's summary judgment motion was filed with the clerk of the Court.

11.     On March 11, 2003, the Court entered a supplemental order regarding motion filing procedures before Judge Dorsey.  Attached hereto is Exhibit 3, a copy of this supplemental order.

2

I declare, under penalty of perjury that the foregoing statements made by me are true and correct.

Dated: New York, New York
        June 4, 2004

WILLIAM FINKEL
Federal Bar Council No. CT-24904
Attorney for Plaintiff
Securities and Exchange Commission
233 Broadway
New York, New York 10279
(646) 428-1716
(646) 428-1977 (fax)

3



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

2004 APR 23  P 2: 08

U.S. DISTRICT COURT
NEW HAVEN, CONN.

SECURITIES AND EXCHANGE COMMISSION

    -vs-                           Civil No. 3:03 cv 418 (PCD)

GLOBAL TELECOM SERVICES, L.L.C., ET AL

## ENDORSEMENT ORDER

Defendant, Salvatore Cartelli's, motion for extension of time to file a response to plaintiff's motion for summary judgment (Doc. #20) is hereby GRANTED until May 17, 2004

    SO ORDERED.

Dated at New Haven, Connecticut, April 23, 2004.

                                      Peter C. Dorsey, Senior
                                   United States District Judge

**EXHIBIT**

**1**



EXHIBIT
2

JONATHAN J. EINHORN
ATTORNEY AND COUNSELOR AT LAW
412 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511

William Finkle, Esq.
SEcurities and Exchange Commission
233 Broadway
New York, New York   10279

## SUPPLEMENTAL ORDER

### MOTION FILING PROCEDURE BEFORE JUDGE DORSEY

The goal of the Order is to reduce filings, to expedite case resolution, to reduce the cost of processing cases, to reduce work for the Clerk's Office, to allow filings to be docketed consecutively, to promote cooperation among counsel, and to eliminate unnecessary motion adjudication. Counsel should read the Order below carefully to maximize the advantages for themselves, for the parties, and for the Court.

1. The Order applies to all motions except those listed below.

| | | | |
|---|---|---|---|
| a) | for Admission *Pro Hac Vice*; | l) | those directed solely at or in relation to other than the appearing parties; |
| b) | to Withdraw; | | |
| c) | for Security for Costs; | m) | those as may be excused for good cause shown; |
| d) | to Proceed *In Forma Pauperis*; | | |
| e) | for Appointment of Counsel; | n) | under FED. R. CIV. P. 50(b); |
| f) | for TRO; | o) | under FED. R. CIV. P. 59; |
| g) | to File Overlength Memoranda; | p) | for Reconsideration under D. CONN. L. CIV. R. 7(c); and |
| h) | to File Supplemental Memoranda; | | |
| I) | for Default for Failure to Appear; | q) | for Attorneys' Fees and/or Sanctions under D. CONN. L. CIV. R. 11(a). |
| j) | for Default Judgment; | | |
| k) | for Enlargement of Time; | | |

2. Before filing any motion, moving counsel shall consult all counsel to try to reach agreement as to the subject of the proposed motion. Any agreement reached may be confirmed by a stipulation or a motion on consent, either of which shall be effective only on approval by the Court.

3. Absent agreement, moving counsel shall serve on all counsel the proposed motion and all moving papers, certifying thereon the fact and date of such service. The original motion and moving papers should not be filed with the Court, though counsel shall file an original certification to reflect compliance with a motion-filing deadline otherwise fixed by law, by Federal Rule of Civil Procedure, by Local Rule, or by scheduling order of this Court.

4. Counsel so served shall within twenty-one (21) days of the service date:
   a) serve on moving counsel a stipulation reflecting acquiescence in the motion; or
   b) serve on moving counsel an original memorandum in opposition, together with any opposing papers and with a certification of the fact and date of such service. Counsel shall serve copies on all other counsel. The same should not be filed with the Court though counsel may file a certificate of service with the Court, listing the documents served and the fact and date of such service.

EXHIBIT
3

5. Moving counsel then shall:

    a) after receipt of a stipulation, join in the stipulation and file the same with the Court;

    b) after receipt of an original memorandum in opposition, file the original memorandum in opposition together with any opposing papers, with the original motion, and with all moving papers on the Court. Any reply memoranda may be filed directly with the Court, at the same time serving copies of the reply memoranda on all other counsel; or

    c) absent opposition after twenty-one (21) days from the date of service or absent a stipulation, file with the Court the original motion and all moving papers, a certification of compliance with this Order and the absence of a receipt of opposition, and a request that the motion be granted absent any known opposition.

6. Sur-reply memoranda and any supplemental papers shall be filed only with a motion for leave to file.

7. When filing cross-motions, such as for summary judgment, counsel may:

    a) file each motion separately, such that each motion is filed in compliance with the Order as its own complete package; or

    b) coordinate their filings with opposing counsel such that both cross-motions are filed as a single joint package, with memoranda appropriately titled as in opposition of one motion and as in support of the other motion.

8. Any motion or filing not in compliance with this Order shall not be accepted for filing. Any motion filed in compliance with this Order without opposition may be granted absent opposition.

9. Chambers copies of filings are not encouraged, except when requested by the Court, when the matter is to be resolved on an expedited basis, or when in the opinion of counsel chambers copies would be appropriate.

10. The following shall apply to Motions for Enlargement of Time:

    a) In addition to the requirements of D. CONN. L. CIV. R. 7(b), counsel shall set forth in detail what has been done and what needs to be accomplished which would thereby justify the amount of time requested. Absent such showing, the motions may be denied.

    b) Requests for an extension of time filed at or after an expiration date do not reflect good planning and may warrant denial of the request.

(Rev 1/2/03)