UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Jul 15  2 15 PM '04
U.S. ...
NEW H... ...

---

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

GLOBAL TELECOM SERVICES L.L.C. d/b/a
MEDICAL DISPOSAL DEVICES,
ALBERT D. LATOUCHE and SALVATORE J.
CARTELLI, JR.,

        Defendants.

3:03 CV 418 (PCD)

---

## [██████] FINAL JUDGMENT AGAINST DEFENDANTS GLOBAL TELECOM SERVICES LLC d/b/a MEDICAL DISPOSAL DEVICES, ALBERT D. LATOUCHE AND SALVATORE J. CARTELLI, JR.

**WHEREAS,** on June 2, 2004, Plaintiff Securities and Exchange Commission ("Commission"), submitted a motion for summary judgment for injunctive and other relief, against Defendants Global Telecom Services, LLC d/b/a Medical Disposal Devices ("Medical Disposal"), Albert D. LaTouche ("LaTouche") and Salvatore J. Cartelli, Jr. ("Cartelli") (collectively, the "Defendants") because there was no genuine issue as to any material fact regarding the Defendants' violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Commission's motion for summary judgment is **GRANTED.**

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Medical Disposal, LaTouche and Cartelli, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants

Medical Disposal, LaTouche and Cartelli, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Medical Disposal, LaTouche and Cartelli are jointly and severally liable for disgorgement of $742,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $189,369.30, for a total of $931,369.30. Defendants shall satisfy this obligation by paying $931,369.30 within ten business days to the Clerk of this Court, together with a cover letter identifying the Defendant as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Medical Disposal, LaTouche and Cartelli shall ~~jointly and severally~~ *each* pay a civil penalty in the amount of $500,000 *by Medical Disposal Series, $100,000 by LaTouche and $100,000 by Cartelli* pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendants shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the Defendant as a defendant in this action; setting forth the title and civil action number of this action and the

4

name of this Court; and specifying that payment is made pursuant to this Final Judgment.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendants LaTouche and Cartelli are permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 5 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d). set forth therein.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: New Haven, Connecticut
July 15, 2004

_____
HONORABLE PETER C. DORSEY
UNITED STATES DISTRICT JUDGE